UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CRAIG CUNNINGHAM, <br> Plaintiff, <br><br> v. <br><br> SMOKE ALARM MONITORING, INC., KENNETH MARA, YASHA MARKETING LLC, DANIEL J. FELDMAN, <br><br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § |

Plaintiff Craig Cunningham, by undersigned counsel, hereby submits this Complaint against Defendants Smoke Alarm Monitoring, Inc., Kenneth Mara, Yasha Marketing LLC, Daniel J. Feldman, for violations of 47 U.S.C. § 227, the Telephone Consumer Protection Act of 1991 ("TCPA").

**Plaintiff's Original Complaint and Jury Demand**

**Parties**

1. The Plaintiff is Craig Cunningham, a natural person who was present in Texas for all calls in this case in Collin County.

2. SMOKE ALARM MONITORING, INC., is a New York corporation that can be served via registered agent Patricia Mara at 1 Commercial Avenue, Ste 200, Garden City, NY 11530.

3. Kenneth Mara is a natural person who can be served at 1 Commercial Avenue, Ste 200, Garden City, NY 11530 or 215 Stewart Ave, Garden City, NY 11530-2648.

4. YASHA MARKETING LLC, is a Florida Corporation operating from 18221

Daybreak Drive, Boca Raton, FL 33496 and can be served via registered agent Daniel J. Feldman at the same address.

5. Daniel J. Feldman is a natural person who can be served at 18221 Daybreak Drive, Boca Raton, FL 33496.

6. John/Jane Does 1-4 are other liable parties currently unknown to the Plaintiff.

## JURISDICTION AND VENUE

7. Jurisdiction.  This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. §1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

8. Personal Jurisdiction.  This Court has general personal jurisdiction over the defendant because they have repeatedly placed calls to Texas residents, and derive revenue from Texas residents, and the sell goods and services to Texas residents, including the Plaintiff.

9. This Court has specific personal jurisdiction over the defendants because the calls at issue were sent by or on behalf of the Defendants and involved a New York based company selling smoke alarms and smoke alarm monitoring services to Texas based consumers, including the Plaintiff.

10.  Venue.  Venue is proper in this District pursuant to 28 U.S.C. § 112 because a substantial part of the events giving rise to the claims—the calls and sale of goods and services directed at Plaintiff—occurred in this District and because one of the Defendants resides in this District.

11. This Court has venue over the defendants because the calls at issue were sent by or on behalf of the above named defendants to the Plaintiff.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991,

## 47 U.S.C. § 227

12. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding telemarketing.

13. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

14. The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States, or is exempted by rule or order" of the Federal Communication Commission ("FCC"). 47 U.S.C. § 227(b)(1)(B).

15. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). 47 U.S.C. § 227(b)(3).

16. Separately, the TCPA bans making telemarketing calls without a do-not-call policy available upon demand. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1).[1]

17. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

---

[1] *See* Code of Federal Regulations, Title 47, Parts 40 to 60, at 425 (2017) (codifying a June 26, 2003 FCC order).

18. According to findings of the FCC, the agency vested by Congress with authority to issue regulations implementing the TCPA, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

19. The FCC also recognizes that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

20. The FCC requires "prior express written consent" for all autodialed or prerecorded telemarketing robocalls to wireless numbers and residential lines. In particular:[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received clear and conspicuous disclosure of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.

21. *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote and internal quotation marks omitted). FCC regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 FCC

Rcd. 12391, 12397 ¶ 13 (1995).

22. The FCC confirmed this principle in 2013, when it explained that "a seller … may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6574 ¶ 1 (2013).

23. Under the TCPA, a text message is a call. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 – 52 (9th Cir. 2009).

24. A corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *E.g.*, *Jackson Five Star Catering, Inc. v. Beason*, Case No. 10-10010, 2013 U.S. Dist. LEXIS 159985, at *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they had direct, personal participation in or personally authorized the conduct found to have violated the statute." (internal quotation marks omitted)); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415 – 16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

## FACTUAL ALLEGATIONS

25. This case relates to unsolicited telemarketing calls to the Plaintiff to buy a smoke alarm and/or smoke alarm monitoring service for the benefit of all the named defendants in this case.

### Calls to the Plaintiff

26. Plaintiff received multiple calls from a variety of spoofed caller ID's that contained a

pre-recorded message and were initiated using an automated telephone dialing system. The calls were on behalf of the named defendants. The calls had a delay of 3-4 seconds of dead air before the pre-recorded message began indicating the calls were initiated using an ATDS. The calls were to \*\*\*-\*\*\*-1977

27. The calls contained a pre-recorded message and the caller ID was spoofed, and the Plaintiff alleges the following calls below at a minimum:

| Date of the call | Originating phone number | Defendant |
| --- | --- | --- |
| 01/18/18 | 203-347-4116 | Smoke Alarm Monitoring, Inc. |
| 11/24/17 | 203-347-4116 | Smoke Alarm Monitoring, Inc. |
| 11/24/17 | 203-347-4116 | Smoke Alarm Monitoring, Inc. |
| 12/07/17 | 203-347-4019 | Yasha marketing |
| 12/07/17 | 203-347-4019 | Yasha marketing |
| 12/11/17 | 203-347-0198 | Yasha marketing |
| 12/12/17 | 203-347-0386 | Yasha marketing |
| 01/24/18 | 203-347-0793 | Yasha marketing |
| 01/24/18 | 203-347-0793 | Yasha marketing |
| 01/24/18 | 203-347-0793 | Yasha marketing |
| 01/24/18 | 203-347-0793 | Yasha marketing |

28. On or about November 24, 2017, the Plaintiff bought a device from and subscribed to the alarm monitoring service telemarketed by Defendant Smoke Alarm Monitoring,

Inc. The device was shipped by Defendant Smoke Alarm Monitoring, Inc. to Plaintiff. Defendant also issued and provided Plaintiff with an invoice #INV-000176 in the amount of $59.85 containing Defendant's name, device and service.

29. These calls were not related to any emergency purpose.

30. The Defendants did not have an internal do not call policy, did not place the Plaintiff on an internal do not call policy, in violation of 47 CFR 64.1200(d). At the time of the alleged telephone calls, the Defendants also failed to properly identify themselves.

31. Plaintiff has limited data storage capacity on his cellular telephone. Incoming calls from the defendants consumed part of this capacity.

32. Each call was sent by an ATDS.

**Defendants Yasha Marketing and Daniel J Feldman Knowingly and Willfully Violated Telemarketing Regulations**

33. Defendants Yasha Marketing and Daniel J Feldman knowingly violated the TCPA by initiating automated calls with pre-recorded messages to the Plaintiff.

34. Defendants Yasha Marketing and Daniel J Feldman did not have a written do-not-call policy while making unsolicited telemarkting calls to the Plaintiff.

35. Defendants Yasha Marketing and Daniel J Feldman did not train its agents engaged in telemarketing on the existence and use of any do-not-call list.

36. Defendants Yasha Marketing and Daniel J Feldman calls did not provide the Plaintiff with the name of the individual caller or the name of the person or entity on whose behalf the call was being made.

**The Plaintiff's cell phone is a residential number**

37. The telephone call were to the Plaintiff's cellular phone ***-***-1977 which is the

Plaintiff's personal cell phone that he uses for personal, family, and household use. The Plaintiff maintains no landline phones at his residence and has not done so for at least 10 years and primarily relies on cellular phones to communicate with friends and family. The Plaintiff also uses his cell phone for navigation purposes, sending and receiving emails, timing food when cooking, and sending and receiving text messages. The Plaintiff further has his cell phone registered in his personal name, pays the cell phone from his personal accounts, and the phone is not primarily used for any business purpose.

## I. FIRST CLAIM FOR RELIEF

**(Non-Emergency Robocalls to Cellular Telephones, 47 U.S.C. § 227(b)(1)(A))**

**(Against All Defendants)**

1. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

2. The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making non-emergency telemarketing robocalls to Plaintiff's cellular telephone number without his prior express written consent.

3. Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(b)(3)(B).

4. Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(b)(3).

5. Plaintiff also seeks a permanent injunction prohibiting Defendants and their affiliates and agents from making non-emergency telemarketing robocalls to cellular telephone numbers without the prior express written consent of the called party.

## II. SECOND CLAIM FOR RELIEF

### (Telemarketing Without Mandated Safeguards, 47 C.F.R. § 64.1200(d))

### (Against All Defendants)

6. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

7. The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of FCC regulations by making telemarketing solicitations despite lacking:

    a) a written policy, available upon demand, for maintaining a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(1); [2]

    b) training for the individuals involved in the telemarketing on the existence of and use of a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(2);[3] and,

    c) in the solicitations, the name of the individual caller and the name of the person or entity on whose behalf the call is being made, in violation of 47 C.F.R. § 64.1200(d)(4).[4]

8. Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B).

---

[2] *See id.* at 425 (codifying a June 26, 2003 FCC order).

[3] *See id.* at 425 (codifying a June 26, 2003 FCC order).

[4] *See id.* at 425 – 26 (codifying a June 26, 2003 FCC order).

9. Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(c)(5).

10. Plaintiff also seeks a permanent injunction prohibiting Defendants and their affiliates and agents from making telemarketing solicitations until and unless they (1) implement a do-not-call list and training thereon and (2) include the name of the individual caller and AFS's name in the solicitations.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Craig Cunningham prays for judgment against Defendants jointly and severally as follows:

A. Leave to amend this Complaint to name additional DOEs as they are identified and to conform to the evidence presented at trial;

B. A declaration that actions complained of herein by Defendants violate the TCPA;

C. An injunction enjoining Defendants and their affiliates and agents from engaging in the unlawful conduct set forth herein;

D. An award of $3000 per call in statutory damages arising from the TCPA intentional violations jointly and severally against the corporation and individual for 11 calls.

E. An award to the Plaintiff of damages, as allowed by law under the TCPA;

F. An award to the Plaintiff of interest, costs and attorneys' fees, as allowed by law and equity;

G.   Such further relief as the Court deems necessary, just, and proper.

Dated:  Brooklyn, New York

December 12, 2019

Respectfully submitted,

_____

Galina Feldsherova (GF-7882)

KOPELEVICH & FELDSHEROVA, P.C.

Attorneys for Plaintiffs

241 37th St., Ste B439

Brooklyn, NY 11232

718-332-0577